### SOUBIE'S EXECUTOR vs. BEALE & AL.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This action is, founded on five notes of hand amounting to the sum of 8200 dollars, alleged to have been subscribed and de-

The decision of the court of the first instance, prevails in the supreme court, unless manifestly erroneous.

East'n District.
*March*, 1823.

SOUBIES' EX.
vs.
BEALE & AL.

livered by Thomas Beale in his lifetime, to the plaintiff's testator; and payment thereof is now claimed from the widow and heirs of the said Beale, who oppose it on two grounds. 1st. want of legal consideration for the promise of the maker of said notes, as being executed on account of money lost at gambling. 2d. a discharge under the insolvent laws of the state. The district court gave judgment for the defendants on the plea of gambling; from which the plaintiff appealed.

In the course of the arguments of counsel before this court, considerable discussion took place on the 2d. plea found in the answer; but, as we are of opinion, that there is not such evident error in the judgment of the court below, rendered on the 1st ground of defence, as to require its reversal, it is not necessary to investigate or decide on that part of the defence which relates to the surrender and discharge of the promisor.

Whether the consideration for which the notes sued on, were given, was gambling and consequently illegal and void, or whether it was just and legal, is matter entirely of fact; which has, on the evidence adduced, been determined by the court below, in favour of the defendants.

It is true, that an exception was taken to
the opinion of that court, by which oral proof
was admitted to invalidate the written evi-
dence of the notes, as containing, in themselves,
proof of a valuable consideration. But we
believe the judge did not err, in allowing the
defendant to prove by oral testimony, the
illegality of the consideration, as pleaded in
their answer. If proof of this kind, could
never be heard against written instruments,
fraud, force, or any other species of illegality
which annuls contracts, could never be de-
tected. To admit proof by witnesses, to show
the want or failure of consideration, on which
a contract assumes in itself to have been
made, is every day's practice in our courts;
whilst the contest is between the orignal par-
ties, or those claiming under them in regular
succession of rights. The greatest difficulty
in the administration of justice, often arises
from uncertainty in the proof of facts, in a
cause occasioned by the obscurity and im-
perfection of evidence offered in support of
them. In the present case, it must be admitted,
that no direct and positive proof is adduced,
showing beyond a doubt, that the considera-
tion for the promise of Beale, the ancestor,

SOUBIE'S EX.
*vs.*
BEALE & AL.

had its origin in gambling : but the testimony details a number of facts which, taken together, raises a violent presumption that the notes sued on, were given for no other consideration. It was sufficient to convince the judge who tried the cause below, that such was the consideration of the promise ; and which in law, is not sufficient to create any obligation. We cannot say that our belief differs from his.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Cuvillier* for the plaintiff, *Hawkins* for the defendant.